**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ESMERALDA SEGOVIA CONTRERAS,<br><br>Defendant - Appellant.</td><td>No. 14-30121<br><br>D.C. No. 2:13-cr-02075-RHW-2<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted July 6, 2015[**]
Seattle, Washington

Before: KLEINFELD, NGUYEN, and FRIEDLAND, Circuit Judges.

Defendant Esmeralda Segovia Contreras appeals the district court's denial of

the motion to suppress her post-arrest statements to an FBI agent. After the denial,

Contreras entered a conditional plea for conspiracy to kidnap a minor. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo the adequacy of a Miranda warning, the invocation of the right to counsel, and the voluntariness of a statement to a law enforcement officer, and we review underlying factual findings for clear error.  United States v. Younger, 398 F.3d 1179, 1185 (9th Cir. 2005); United States v. Wolf, 813 F.2d 970, 974 (9th Cir. 1987).  We affirm.

The warnings given in this case conveyed to Contreras her rights as required by Miranda v. Arizona, 384 U.S. 436 (1966).  See United States v. Miguel, 952 F.2d 285, 287–88 (9th Cir. 1991).  Reading from the local police department's Spanish language translation card, the agent who speaks fluent Spanish stated "[i]f you cannot afford an attorney, one will be appointed for you to represent you if you wish before the questioning," among other things.  Contreras's argument that the statement was inadequate because it did not say "at no cost" or "free" is unsupported.  Id. at 288 ("'[R]eviewing courts . . . need not examine Miranda warnings as if construing a will or defining the terms of an easement.'  Instead of focusing on one sentence in isolation, the court looked to the warning as a whole and found that they fully informed the suspect of his rights under Miranda." (quoting Duckworth v. Eagan, 492 U.S. 195, 203 (1989)) (citation omitted)).  The agent did not make any misleading statement to Contreras.  Cf. Duckworth, 492

2

U.S. at 203–04 (noting that a statement that the officers cannot give a suspect a lawyer but one will be appointed "if and when you go to court" is accurate).

The record does not support Contreras's remaining claims. She did not make an unambiguous request for counsel. See Younger, 398 F.3d at 1187 ("[R]eference to an attorney that is ambiguous or equivocal . . . does not require the cessation of questioning." (quoting Davis v. United States, 512 U.S. 452, 459 (1994)) (ellipsis in original) (brackets omitted)); see also Clark v. Murphy, 331 F.3d 1062, 1071 (9th Cir. 2003), *overruled on other grounds by* Lockyer v. Andrade, 538 U.S. 63, 71 (2003). We conclude that Contreras's statements were made voluntarily. There is no evidence that the officers used coercion or improper inducement. See United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988) ("The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.").

**AFFIRMED.**